UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN B., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. C18-5210 JCC <br><br> ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE |

Plaintiff, proceeding pro se, seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

**I.  BACKGROUND**

Plaintiff is currently 41 years old, has a high school education, and has worked as a sales representative, construction worker, and rodding-anode worker. Administrative Record (AR) 44-45. In February 2013, Plaintiff applied for benefits, alleging disability since a motor vehicle accident on May 10, 2012. AR 116. Plaintiff's applications were denied initially and on reconsideration. AR 114, 115, 140. After the ALJ conducted hearings in August 2015 and May 2016, at which Plaintiff was represented by counsel, the ALJ issued a decision finding plaintiff

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

not disabled. AR 52, 93, 29-46.

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the May 2012 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD), status post closed head injury in May 2012, history of migraine headaches, opioid dependence, benzodiazepine dependence, cervical strain after motor vehicle accident in May 2012, and osteoarthritis of the cervical spine.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work. He can occasionally crawl or climb ladders, ropes, or scaffolding. He can frequently crouch, kneel, or balance. He can occasionally lift overhead bilaterally. He must avoid concentrated exposure to heights, hazards, and heavy equipment. He can perform simple, routine tasks with a specific vocational preparation (SVP) level of one or two, with no public contact.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

AR 31-46. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 3.

## III. DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff did not file an opening brief or reply brief. In the scheduling order, the Court noted that it understood Plaintiff's complaint "to allege the ALJ erred in evaluating the medical evidence" and "to allege that the ALJ's evaluation of plaintiff's testimony was arbitrary or the ALJ did not provide reasons for his evaluation that were supported by substantial evidence." Dkt. 8 at 2.

### A. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified he cannot work due to injuries from the May 2012 accident, "psychological issues[,]" migraines, and neck pain. AR 64, 66. He has memory problems and

his mental capacity has diminished since the accident. AR 78. He has pain in his mid-back, neck, head, and feet. AR 79, 81. It is painful and difficult to walk. AR 99.

Plaintiff stated in his complaint that the ALJ "exhibited a bias" against him because he was late to a hearing. Dkt. 1 at 4. At the 2015 hearing, the ALJ noted that Plaintiff was 15 minutes late and asked, "What happened today?" AR 58. Plaintiff explained he had difficulty parking due to an event taking place that day, and the ALJ made no further reference to it. *Id.* The ALJ's decision makes no reference to Plaintiff's lateness. The Court concludes the ALJ did not discount Plaintiff's testimony based on his lateness.

The ALJ discounted Plaintiff's testimony as inconsistent with his activities and with the medical record. AR 43-44. An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). And medical evidence is a relevant factor in determining the severity of a claimant's symptoms and their disabling effects. *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Plaintiff does not challenge either of these reasons and the Court concludes that they were clear, convincing, and supported by substantial evidence. For example, in contrast to Plaintiff's claim of memory problems, in October 2012 Sara Walker, Ph.D., performed extensive testing and found that he had high-average working memory. AR 436. Plaintiff's mental status examination findings were consistently normal, except for poor insight and judgment and sometimes anxious mood. *See*, *e.g.*, AR 392, 561, 571, 624. In contrast to complaints of severe back and neck pain, in September 2014 Plaintiff had a normal back and neck examination with no tenderness. AR 568. His neck had a normal range of motion in a March 2014 examination. AR 589. Regarding

activities, Plaintiff is able to drive regularly despite his alleged neck pain. *See* AR 44, 72. A Cooperative Disability Investigations Unit detective observed Plaintiff walk, sit, and drive without apparent difficulty. AR 710-12. Plaintiff stated in his complaint that the ALJ erred by accepting the detective's "non medically trained opinion" of Plaintiff's abilities. Dkt. 1 at 4. However, the ALJ relied only on the detective's personal observations of Plaintiff's activities, not his opinion. *See* AR 44 (Plaintiff's "allegations and reports are highly inconsistent with the observations of" the detective). An ALJ may consider lay witness statements, and "[t]he fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ did not err by considering the detective's observations.

Plaintiff stated in his complaint that the ALJ "exhibited a bias" against him because he was on methadone. Dkt. 1 at 4. Plaintiff testified that he started using methadone around 2010 to deal with pain. AR 65-65. In summarizing the medical record, the ALJ noted that treatment providers had "prescribed methadone" and had reported that Plaintiff had a "history of opioid misuse." AR 35 (citing AR 538). The ALJ also noted reports that Plaintiff "had been weaning himself down from" methadone. AR 37 (citing AR 581). Treatment providers consistently noted a history of "opioid misuse" and Plaintiff "acknowledged likely opioid dependen[ce]." AR 538, 435. When the evidence is susceptible to more than one interpretation, the Commissioner's rational interpretation must be upheld. *Burch*, 400 F.3d at 680-81. And an ALJ's "findings are upheld if supported by inferences reasonably drawn from the record." *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court concludes substantial evidence supported the ALJ's finding that Plaintiff had issues with opioid misuse, and the ALJ did not err by concluding that this contradicted Plaintiff's claims that he only used methadone for

pain relief. *See* AR 44. This inconsistency further supported the ALJ's discounting of Plaintiff's testimony.

The Court concludes the ALJ provided the clear and convincing reasons of inconsistency with the record and activities, and thus did not err by discounting Plaintiff's testimony.

### B. Medical Evidence

Plaintiff stated in his complaint that he "was not granted an independ[e]nt medical evaluation and believe[s he] should have been." Dkt. 1 at 4. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001). Here, there was plenty of medical evidence in the record, and Plaintiff does not identify ambiguous evidence that is material to the disability determination. The ALJ considered the opinions of several of Plaintiff's treating doctors and several reviewing doctors, as well as many years of treatment notes. *See* AR 35-43. The Court concludes the ALJ did not err by failing to order an independent medical evaluation to develop the record further.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 22nd day of February, 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6